BRUCE A. HARLAND, Bar No. 230477
WILLIAM T. HANLEY, Bar No. 327126
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
Telephone (213) 380-2344
Fax (213) 443-5098
E-Mail:  bharland@unioncounsel.net
           whanley@unioncounsel.net

*Attorneys for Intervenor*
*SEIU, United Healthcare Workers-West*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JILL H. COFFMAN,<br><br>                              Petitioner,<br><br>        v.<br><br>SATELLITE HEALTHCARE, INC.,<br><br>                              Respondent,<br><br>        v.<br><br>SEIU, UNITED HEALTHCARE WORKERS-WEST,<br><br>                              Intervenor. | No. 3:24-CV-07424-RFL<br><br>**NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><br>Date:        December 10, 2024<br>Time:        10:00 a.m.<br>Courtroom: 15<br>Judge:       Honorable Rita F. Lin |

**PLEASE TAKE NOTICE** that on December 10, 2024, in Courtroom 15 of the above-entitled Court, located at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Service Employees International Union, United Healthcare Workers-West (hereinafter "SEIU-UHW") will and hereby does move this Court for the right to intervene in this matter.

SEIU-UHW seeks to intervene for the purpose of protecting and defending its interests, which are not fully represented by Petitioner National Labor Relations Board ("NLRB"). The outcome of this case directly impacts SEIU-UHW's ability to effectively represent its members employed by Respondent Satellite Healthcare, Inc. The NLRB, while seeking many of the same

0

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
(213) 380-2344

NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. 3:24-CV-07424-RFL

goals as SEIU-UHW, brings this case in the public interest, not the private interest of SEIU-UHW. Moreover, the Union is in the unique position of possessing evidence related to Respondent's various unfair labor practices which could help the Court resolve this matter.

SEIU-UHW is entitled to intervention as of right because this motion is: (1) timely, (2) the remedy the NLRB seeks in this Petition directly implicates the Union's interests, (3) the disposition of this action will impact the Union's ability to effectively represent its members, and (4) SEIU-UHW's interests in this lawsuit are not fully represented by the NLRB.

In addition to SEIU-UHW's entitlement to intervention as a matter of right, the Union is also entitled to permissive intervention because its claims share questions of law and fact in common with the NLRB's claims and intervention will not cause undue delay.

SEIU-UHW seeks intervention as a matter of right to Fed. R. Civ. P. 24, or in the alternative, through permission of this Court pursuant to this same rule. The Union contacted the parties to this case regarding a potential stipulation. Counsel for Petitioner expressed that it would oppose the Union's motion, while counsel for Respondent has not responded.

This motion is based upon this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities, along with the papers, records, and evidence on file in this action, as well as any other written or oral evidence that may be presented at or before the time this motion is heard by the Court.

SEIU-UHW has omitted a pleading setting forth the claim upon which intervention is sought, as otherwise required by Fed. R. Civ. P. 24(c), as this information is set forth in the Memorandum of Points and Authorities in Support of the Motion to Intervene, which is attached hereto. *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992). A proposed order is filed herewith.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
(213) 380-2344

1
NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. 3:24-CV-07424-RFL

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

SEIU United Healthcare Workers-West ("SEIU-UHW") hereby seeks to intervene in this action or, in the alternative, participate as an amicus curiae. SEIU-UHW has a significant interest in the outcome of the case. SEIU-UHW filed each of the underlying unfair labor practice ("ULP") charges that serve as the basis for the Petition for Injunctive Relief filed by Petitioner National Labor Relations Board ("NLRB"). (Dkt. 1, Exh. D, F, H.) As alleged by the NLRB General Counsel, the ULPs arose during the Union's campaign to organize dialysis clinics operated by Respondent Satellite Healthcare, Inc., as well as during the parties' ongoing negotiations for an initial collective bargaining agreement ("CBA"). (Dkt. 1, Exh. H, Tr. 36, 69, 195, 621; Exh. Z.)[1] In this context, Respondent violated the National Labor Relations Act ("Act") in numerous ways, including by terminating the employment of an active Union supporter, Cathy Mendoza, in retaliation for her Union activity (Tr. 590-91), and by repeatedly cancelling scheduled bargaining sessions without a legitimate reason (*id.* at 72). Respondent also threatened workers, telling them that if they joined SEIU-UHW, collective bargaining negotiations would be futile; dialysis clinics would close; workers could no longer speak with management; and workers would be blacklisted by Respondent and across the industry. (*Id.* at 145-47, 535, 576-77.) Among various other ULPs cited by the NLRB, Respondent deprived Union members of annual wage increases, which had previously been automatic and guaranteed, in retaliation for their protected Union activity, while continuing to provide such raises to non-Union employees. (*Id.* at 188, 323; Jt. Exh. 1.) The intent and effect of these pervasive violations of the Act was to slow down, if not completely destroy, SEIU-UHW's organizing campaign and frustrate the collective bargaining process.

---

[1] For the Court's benefit, the Union will use the same conventions for short-hand citations used by the NLRB in its Memorandum of Points and Authorities (*see* Dkt. No. 2, p. 2, n.4.) The transcript of the hearing before the ALJ shall be referred to as "Tr." followed by the corresponding transcript page numbers (i.e., "Tr. #.") References to the parties' Joint Exhibits, General Counsel's Exhibits, Respondent's Exhibits, and the Charging Party Exhibits received into evidence by the ALJ are made as follows—JT Ex., GC Ex., R Ex., and CP Ex.—followed by the corresponding internally paginated number if necessary (i.e., "GC Ex. 9:5-6.).

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
(213) 380-2344

2

NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:24-CV-07424-RFL

Respondent's ULPs caused SEIU-UHW significant harm, particularly in its bargaining position with respect to the ongoing negotiations for an initial contract. The unlawful termination of Ms. Mendoza, who was a member of the organizing committee at her clinic and an active Union organizer, has and will continue to impact Union support among the bargaining unit. *Frankl v. HTH Corp.*, 650 F.3d 1344, 1362 (9th Cir. 2011) (violations involving the failure to bargain in good faith have and unlawful discharge of union supporters have "long been understood as likely causing an irreparable injury to union representation"). The unlawful withholding of previously automatic annual raises harms morale among workers—causing many to consider leaving Respondent and the dialysis industry entirely (Dkt. 2, Exh. Q:1, Exh. W:2)— and places SEIU-UHW in a position where it has to negotiate back benefits that the bargaining unit should never have lost in the first place. And Respondent's repeated cancellation of bargaining sessions, without a legitimate excuse, is yet another effort to convince workers that Union representation is futile and will not lead to workplace improvements.

SEIU-UHW should be permitted to participate in this action because Respondent has directly harmed the Union's bargaining position and ability to effectively represent its members. Respondent's actions have decreased morale and diminished Union support among the bargaining units. (*Id.*; Dkt. 2, Exh Y.) If Respondent's ULPs continue unabated without an injunction—even assuming the NLRB obtains subsequent relief—it is likely that the prior level of Union support among the bargaining unit cannot be recovered. For this reason, SEIU-UHW's interests are directly at the heart of this proceeding.

## II.    STATEMENT OF RELEVANT FACTS

SEIU United Healthcare Workers-West is a labor organization within the meaning of the National Labor Relations Act. 29 U.S.C. § 152(5). For several years, SEIU-UHW has been engaged in a campaign to organize the largely non-Union dialysis industry, including Respondent and its competitors Fresenius and DaVita. In December 2022, workers at four Satellite clinics voted to join the Union. (Tr. 36, 621.) The organizing campaign continued throughout 2023 and 2024, and the Union currently represents workers at 11 of Respondent's dialysis centers, located throughout the Bay Area and Northern California. (*Id.* at 69, 195; Dkt. 2, Exh. Z.)

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
(213) 380-2344

NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:24-CV-07424-RFL

It is undisputed that prior to any Satellite workers joining SEIU-UHW, Respondent established a decades-long practice of providing a yearly performance evaluation with an accompanying merit wage increase in the first quarter of every year. (*See, e.g.*, Dkt. 2, Exh. W; Tr. 218-22, 321, 329.) Employees received a wage increase every year, notwithstanding their performance, though an employee's performance evaluation might lead to small fluctuations in the percentage raise received. (Tr. 218-19.) For example, according to internal trainings conducted by Respondent, managers awarded a 3% raise to an employee who "exceeds expectations," whereas an employee who merely "meets expectations" may only receive a 2.5% raise, depending on certain other factors. (Tr. 666, 682, 764-65, 826, 919; GC. EXH. 54.)

Contrary to the historical practice described above, Respondent withheld merit raises from Union-represented employees in 2023 and 2024, while non-Union employees continued to receive the customary raise. (Tr. 188, 323; Dkt. 2, Exh. P, R, T, U, V, W, X.) SEIU-UHW was not timely notified of this change in practice nor provided any opportunity to bargain. (Tr. 108-09, 624-27.) Respondent informed its employees that they would not receive their annual wage increase until the parties reached a collective bargaining agreement. (*See, e.g.*, Tr. 323, 356, 363; GC Exh. 35, 42, JT Ex. 1.) Various managers told Union-represented employees that it was the choice to unionize that led to them not receiving annual raises. (*Id.*) When SEIU-UHW learned of this unlawful conduct, it filed ULP charges. (Dkt. 1, Exh. D, F, H.) During a later bargaining session, SEIU-UHW offered to waive its right to bargain over merit wage increases in exchange for workers receiving their 2024 raise, but Respondent refused. (Dkt. 2, Exh. X.)

Respondent's withholding of wage increases has led to widespread dissatisfaction among employees. Employees are less likely to participate in Union activities than they were prior to the ULPs. (Dkt. 2, Exh. Q, W.) Others even transferred to non-Union clinics or left their jobs entirely. (*Id.*, Exh Q.) SEIU-UHW has also encountered difficulty organizing additional dialysis centers in part because Respondent's employees are aware that if they join the Union, they will not receive any raises until the parties reach a CBA. (*Id.*, Exh. S, O.)

Respondent also terminated the employment of Cathy Mendoza, a long-term employee and active member of the Union organizing committee at the Vallejo clinic. (Tr. 590-91.) Prior to

4

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
(213) 380-2344

her termination, Mendoza and two co-workers, also members of the organizing committee, met with their clinic manager, who made various threats regarding the ongoing Union campaign. (Tr. 134, 531, 608; GC Exh. 26.) By this time, SEIU-UHW's organizing campaign at the Vallejo clinic was public and the organizing committee had circulated a flyer containing Mendoza's picture. (Tr. 145-47, 535, 576-77.) During the meeting, the manager stated that the clinic might close if employees unionized and suggested that known Union supporters like Mendoza were blacklisted from future employment in the dialysis industry, even citing a particular job applicant that the manager had been told not to hire because of their Union activism. (*Id.* at 146, 535-36.) The manager later told Mendoza via text message that Respondent would no longer be gracious about her frequent tardiness. (*Id.* at 164; GC Exh. 22.) This is exactly what happened. Mendoza, who previously arrived late to work often, without receiving any discipline, received four write-ups in quick succession. (*Id.* at 164, 176-78; GC Exh. 18.) After Mendoza informed a Union organizer about this sudden strict enforcement, the write-ups were consolidated into a written warning. (Tr. 181-82, 185087, 610, 612.) Mendoza received a final written warning on April 4, 2023. (*Id.* at 190-93; GC Exh. 21.)

On April 21, 2023, Vallejo employees voted to join SEIU-UHW. (Tr. 195; Dkt. 2, Exh. BB.)  On June 17, Respondent fired Mendoza ostensibly for repeated tardiness. (Tr. 590-91.) Twice, the Vallejo clinic manager seemingly blamed the termination on Mendoza's decision to inform the Union about her initial discipline. (*Id.* at 590-91.)  At the termination meeting, the clinic manager told Mendoza that she was only in a position to be terminated because she talked to the Union. (*Id.*) The termination of Mendoza, combined with other unlawful conduct, has severely impacted Union support at the Vallejo clinic. Various employees who used to be actively involved with the SEIU-UHW organizing effort are no longer willing to attend Union meetings and will not even return their organizer's calls. (Dkt. 2, Exh. Y.)

During the all-important first year after SEIU-UHW organized the initial four Satellite clinics (in December 2022), Respondent frustrated the bargaining process, cancelled various planned negotiation sessions, and refused to provide the Union with requested information. In 2023 alone, Respondent cancelled bargaining sessions on June 27, July 25, August 28, and

5

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
(213) 380-2344

August 29, after the parties mutually agreed on these dates. (Tr. 73-77; GC Exh. 9.) This meant that the parties did not meet for their first bargaining session until September 18, approximately 10 months after the first clinics voted to join the Union. (Tr. 108.) Additionally, SEIU-UHW requested information necessary for the bargaining process as early as January 4—for example, current pay scales, which would allow the Union to make informed economic proposals—but much of this information was not provided until just before the September 18 bargaining session. (*See, e.g.*, Tr. 90-91, 96-98, 100-05, 108; GC Exh. 11, 15, 50.) The result of Respondent's unlawful conduct is that the parties are still far apart on reaching an initial CBA.

## III.    ARGUMENT

### A.    THE COURT SHOULD GRANT THE UNION'S MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(A) OR 24(B).

Federal Rule of Civil Procedure 24 sets forth standards for mandatory and permissive intervention in federal court proceedings. Pursuant to this authority, courts have found it appropriate for labor unions to intervene in NLRB petitions for relief under Section 10(j) of the National Labor Relations Act. *See, e.g.*, *Youngblood, for & on Behalf of N.L.R.B. v. Scottex Corp.*, No. CA-3-5684-D, 1972 WL 802 (N.D. Tex. Apr. 19, 1972) ("Youngblood"). Here, SEIU-UHW is entitled to intervene under Rule 24(a) because (1) SEIU-UHW claims an interest in the subject of the Petition; (2) the Union's interest could be impaired by the result of the case; and (3) the Union's interests do not fully mirror those of the NLRB. Alternatively, SEIU-UHW should be permitted to intervene under Rule 24(b). SEIU-UHW seeks to intervene to participate in discovery and present evidence and arguments to the Court.

#### 1.    The Union Satisfies the Requirements for Mandatory Intervention

Rule 24(a) states that a party must be permitted to intervene if it "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Specifically, under Rule 24(a)(2), a nonparty may intervene when it "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the

6

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
(213) 380-2344

disposition of the action; and (iv) is not adequately represented by existing parties." *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). In this analysis, "courts are guided primarily by practical and equitable considerations" and "construe Rule 24(a) broadly in favor of proposed intervenors." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022) (quotations and citations omitted).

There is no dispute that SEIU-UHW's Motion to Intervene is timely. The Petition has not yet been heard by the Court nor has Respondent had an opportunity to file a responsive brief. (Dkt. 10.) The Union's participation would therefore not cause any delay in the proceedings. Moreover, given the facts set out above, SEIU-UHW has a significant interest in the resolution of this case that would surely be impaired if the NLRB fails to secure the requested relief. Respondent's actions have frustrated and delayed progress on reaching a collective bargaining agreement; diminished Union support among bargaining unit employees; and chilled Union activity among bargaining unit employees. Respondent also unlawfully fired a Union supporter. SEIU-UHW's core functions are improving its members' working conditions through collective bargaining and advocating for the rights of members in the workplace. If Respondent is permitted to continue committing ULPs unabated—which is the likely result if the Court does not grant an injunction—SEIU-UHW cannot carry out these purposes nor effectively represent its members *See* John D. Doyle, Jr., *Charging Parties Left Out: Intervention in Section 10(j) National Labor Relations Act Proceedings*, 22 Fordham Urban L.J. 871 (1995) (where a Union files a ULP and the NLRB chooses to seek injunctive relief pursuant to Section 10(j), the Union "stand[s] to be the primary beneficiary of whatever relief the court issues").

While SEIU-UHW and the NLRB's interests are aligned in many respects, their interests also diverge in important ways that render intervention necessary. As a general matter, the NLRB position is that it pursues injunctive relief "solely in the public interest and not in the vindication of purely private rights." *Lindsay ex rel. NLRB v. Mike-Sell's Potato Chip Co.*, No. 3:17-cv-00126, Dkt. 9 (S.D. Ohio 2017) (internal quotation marks omitted). This means that the NLRB's litigation decisions will be driven by its own conception of public interest, without any particular regard for the views or interests of SEIU-UHW. More specifically, the Union has specific

7

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
(213) 380-2344

interests in this case that the NLRB is not in a position to represent. SEIU-UHW has a unique ability to submit evidence and arguments regarding the chilling effect of Respondent's actions on the ongoing organizing campaign and collective bargaining negotiations. Such evidence and arguments are highly relevant to the Court's consideration of this matter, meaning SEIU-UHW is uniquely equipped to aid the Court in its consideration of the Petition.

The NLRB's own practice and procedure demonstrates that SEIU-UHW has core interests at stake in this litigation and the NLRB itself does not necessarily sufficiently represent those interests. *See* NLRB Case Handling Manual, Part 1, ULP Proceedings (June 2024), § 10380.3 ("During preparation and the course of the hearing, the charging party or its counsel may make suggestions or give advice about the prosecution of the case … The charging party, on its own behalf upon entering an appearance, is entitled to examine witnesses and introduce additional evidence, as well as to argue for additional remedies."). Here, during the preceding trial before the Administrative Law Judge, SEIU-UHW actively participated as the charging party. The Union was served party subpoenas and produced documents. And counsel for the Union examined witnesses and submitted a closing brief. The Union's right to participate in the NLRB trial is an express recognition that there are instances where the interests of the charging party and the NLRB General Counsel are not aligned. *Id.* ("Although the interests of the charging party will, *in most instances*, be in harmony with such prosecution, counsel for the General Counsel does not represent the charging party.") (emphasis added). There is no reason for the Court to treat this issue differently than the NLRB.

The U.S. Supreme Court recognizes that private parties in NLRB trials have "vital private rights" that "interblend" with the NLRB's administrative scheme. *Auto Workers v. Scofield*, 328 U.S. 205, 218-20 (1965) (private party in an NLRB trial had a right to intervene in a subsequent federal court enforcement proceeding as a matter of "fairness," because intervention is the only mechanism by which the private party can "present [its] arguments on the issues to a reviewing court which has not yet crystallized its views"); *see also Trbovich v. Mine Workers*, 404 U.S. 528, 530 (1972) (private party granted the right to intervene in a case brought by the U.S. Department of Labor involving a challenge to the legitimacy of a union election). Moreover, at least one

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
(213) 380-2344

NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:24-CV-07424-RFL

district court within the Ninth Circuit has granted a labor union's motion to intervene in a 10(j) injunction case. *Johansen v. Plastics Plant, Plumbing Fixtures Div., Norris Indus.*, No. 74-820-JWC, 1974 WL 1099, at *1 (C.D. Cal. Apr. 16, 1974); *see also Youngblood*, CA-3-5684-D, 1972 WL 802 at *1 (Texas federal court relied on Trbovich to reach the same result).

### 2. In the Alternative, the Union Satisfies the Rule 24(B) Requirements for Permissive Intervention

Rule 24(b) permits the Court to grant a party permissive intervention, even where the requirements for mandatory intervention are not met, if a party presents "a claim or defense that shares with the main action a common question of law or fact." *Id.* at (b)(1)(B). In deciding whether to allow permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at (b)(3). Here, SEIU-UHW initiated the NLRB process by filing the underlying ULP charges. And, as noted above, the Union actively participated in the recently completed trial before the Administrative Law Judge. All of this was done in the private interest of effectively representing workers employed by Respondent. The NLRB brings this Petition for a different, but related reason—the public's interest in preventing employer unfair labor practices and safeguarding protected concerted activity. However, the ULP charges filed by SEIU-UHW and the facts supporting the NLRB's Petition for injunctive relief share common questions of law and fact, which all arise out of the specific unfair labor practices committed by Respondent.

SEIU-UHW's participation would not cause undue delays nor prejudice the interests of either party. The Union will not introduce new or complex issues. Rather, SEIU-UHW will merely provide additional evidence (if needed to complete the record) and make arguments. Moreover, as of today's date, the Court has not issued a briefing schedule or set a hearing date. The Union is willing and able to participate in any future hearing and comply with any briefing schedule ordered by the Court or agreed to by the parties, eliminating the risk of delay.

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
(213) 380-2344

9
NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. 3:24-CV-07424-RFL

## B.    IF THE COURT DOES NOT GRANT INTERVENTION, THE UNION REQUESTS TO PARTICIPATE AS AMICUS CURIAE

Courts have broad discretion in granting amicus status. *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982) (abrogated on other grounds by *Sandin v. O'Connor*, 515 U.S. 472 (1995)). Generally, charging parties are permitted to participate as amicus in 10(j) injunction proceedings. *See, e.g.*, *McDermott v. Ampersand Pub.*, LLC, 593 F.3d 950 (9th Cir. 2010).  SEIU-UHW has a crucial interest in the outcome of this case, as set out above, and the unique ability to provide evidence related to the underlying unfair labor practices committed by Respondent. Therefore, even if SEIU-UHW is not allowed to fully participate as an intervenor, the Union should have the right to produce evidence and participate in discovery.

## IV.    CONCLUSION

Based on the foregoing, the Court should grant SEIU-UHW's Motion to Intervene pursuant to either Rule 24(a) or Rule 24(b). Alternatively, if the Court does not grant intervention, SEIU-UHW should be permitted to participate as amicus curiae, with the right to provide evidence, submit legal arguments, and participate in discovery.

Dated:  November 14, 2024

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

*/s/ William T. Hanley*

By:        WILLIAM T. HANLEY
*Attorneys for Intervenor*
*SEIU, United Healthcare Workers-West*

159789\1515655

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
(213) 380-2344

10

NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:24-CV-07424-RFL